UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 6:14-cv-699-Orl-36TBS

BRIAN K. GORMAN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff, the United States of America's Motion for Entry of Default Judgment (Doc. 9). I find that a hearing on this matter is not needed because the amounts due are capable of accurate and ready mathematical computation or ascertainment. See, United States v. Hunter, Case No. 8:14-cv-229-T-33TGW, 2014 WL 1047407 *1 (M.D. Fla. 2014). Upon due consideration, I respectfully recommend that the motion be granted in part and denied in part.

Plaintiff initiated this action seeking repayment of a student loan from Defendant Brian K. Gorman, a resident of Osceola County, Middle District of Florida. (Doc. 1). Plaintiff served the summons and complaint on Defendant by serving his daughter, who is 15 years of age or older, at their usual place of abode. (Doc. 6-1). The return of service states that the process server inquired, and was informed that Defendant is not in the military service of the United States. (Id.). Counsel for Plaintiff has filed his Declaration for Entry of Default Judgment declaring to the best of his knowledge and belief, that Defendant is not an infant, incompetent, or serving in the armed forces of the United States. (Doc. 9 at 12).

Defendant did not respond to the complaint, and on June 17, 2014, the Clerk entered default against Defendant. (Doc. 8). Plaintiff now moves for a default judgment for amounts owed under the student loan agreement, and for costs and attorney's fees.

Defendant's failure to timely respond to the complaint and subsequent entry of default served as an admission of the well pled allegations in the complaint. United States v. Mastrapa, Case No. 6:13-cv-882-Orl-36DAB, 2013 WL 5230671 *2 (M.D. Fla. 2013). The complaint includes a certificate of indebtedness which avers that on or about July 13, 1985, Defendant executed a promissory note to secure a loan of $2,500 from Glendale Federal, Ft. Lauderdale, Florida. The loan was disbursed on September 20, 1985 at 8.00 percent interest per annum. (Doc. 1 at 3). The loan was guaranteed by the Florida Department of Education ("Guarantor"), and reinsured by the Department of Education ("Department"), under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 et seq. (34 C.F.R. Part 682). (Id.). Defendant defaulted on the loan on March 16, 1987 and the holder filed a claim on the loan guarantee. (Id.). Due to the default, Guarantor paid a claim in the amount of $1,681.91 to the holder. Guarantor was then reimbursed for the claim by the Department under its reinsurance agreement. (Id.). Guarantor attempted, without success, to collect the debt from Defendant and on August 30, 1993, assigned its right and title to the loan to Department. (Id.). Since the assignment of the loan, Department has credited a total of $204 in payments from all sources to the

balance.  After application of these payments, as of June 10, 2014, Defendant owes Plaintiff $1,577.82 in unpaid principal, plus $3,366.71 in interest, making a total of $6,159.53 which accrues interest at the rate of $0.35 per day.  In addition to these sums, Plaintiff claims $35 for service of the summons and complaint on Defendant, and $1,180 for attorney's fees.  (Doc. 9 at 6-9).  I recommend that the motion be granted as to the principal, interest and service costs; and denied as to the attorney's fee.

The complaint prays for attorney's fees, but it does not aver that Defendant is indebted to Plaintiff for fees.  (Doc. 1).  Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  The Court may deny Plaintiff's claim for fees on this basis.  Attached to the Motion for Entry of Default Judgment is a copy of a promissory note.  (Doc. 9 at 10-11).  The authenticity and relevance of the note have not been established.  Part of the note has been covered over and the remainder is difficult to read.  (Id.).  I reviewed the note and did not find a term providing for the recovery of Plaintiff's attorney's fees.  Even if the note does provide for fees, the default does not constitute an admission by Defendant of the averments in the motion.  Plaintiff having failed to plead and prove attorney's fees, I find that no award is warranted.

Even if the Court is inclined to find an award of attorney's fees appropriate, I cannot recommend the amount sought.  Counsel's affidavit states that he has spent a total 3.9 hours to date, and anticipates an additional 2.0 hours for post-judgment

collection activities.  (Doc. 9 at 8-9).  Judgment has not been entered so counsel is seeking to be compensated for work not yet performed.   Although the case is in a state of default, it is not appropriate to award unearned fees.  At most, Plaintiff is entitled to 3.9 hours.  United States v. Hunter, 2014 WL 1047407 at *1.  Counsel seeks reimbursement at the rate of $200 per hour.  No support is provided for this hourly rate.  Still, if the Court decides to award fees, then based upon my knowledge of the rates charged in this district, I would find $200 per hour reasonable for the work performed.  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) ("the Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services.").

In view of the foregoing, it is respectfully RECOMMENDED that final judgment be entered in Plaintiff's favor, against Defendant, in the amount of $1,577.82 in unpaid principal, plus $3,366.71 in interest through June 10, 2014, plus interest at the rate of $0.35 through the date of the judgment, together with $35 in taxed costs.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

IN CHAMBERS in Orlando, Florida, on June 23, 2014.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Presiding United States District Judge
    Counsel of Record